UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER AMMONS KEMP,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No.: 2:22-cv-509-AMM-HNJ |
| | ) |
| **WARDEN CHRISTOPHER GORDY, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## **MEMORANDUM OPINION**

The Magistrate Judge entered a report recommending that the court deny petitioner Christopher Ammons Kemp's petition under 28 U.S.C. § 2254 ("Section 2254") as untimely filed and dismiss his claims with prejudice. Doc. 9. The court received Mr. Kemp's objections. Doc. 10. In his objections, Mr. Kemp argues that he is entitled to equitable tolling because (1) Mr. Kemp did not pursue a habeas petition earlier because his state court attorney led him to believe his appeal in state court remained pending; (2) Bibb County Correctional Facility allows prisoners to access the law library only one day a week and does not allow prisoners to check out law books; and (3) Mr. Kemp acted with due diligence in mailing his petition under Alabama Rule of Criminal Procedure 32 ("Rule 32 Petition") and application to proceed *in forma pauperis* in the Circuit Court, but Mr. Kemp had no control over when a third party paid the filing fee. Mr. Kemp's objections are **OVERRULED**.

Mr. Kemp first argues that he is entitled to equitable tolling because his state court attorney led him to believe his appeal in state court remained pending. Doc. 10 at 1. As the Magistrate Judge correctly explained, any negligence by Mr. Kemp's attorney did not prevent Mr. Kemp from timely filing a federal habeas petition. *See* Doc. 9 at 21–22 n.11 ("[Mr.] Kemp sustained roughly seven months in which to file a timely federal habeas petition following the ACCA's issuance of its second Certificate of Judgment on May 5, 2021. Hence, his attorney's negligence did not prevent [Mr.] Kemp from timely filing a habeas petition, and the negligence does not explain [Mr.] Kemp's lack of diligence in filing said petition untimely.").

Mr. Kemp next argues that he is entitled to equitable tolling because of his limited access to the law library and inability to check out law books at Bibb County Correctional Facility. Doc. 10 at 1. But neither limited access to the law library nor limited access to research materials constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See Bland v. Alabama*, No. 16-17144-J, 2017 WL 5668005, at *3 (11th Cir. Sept. 7, 2017) ("[Petitioner] argues that restrictions on access to legal books, materials, and supplies at the prison prevented him from timely filing his § 2254 petition, but our caselaw is clear that an inadequate prison law library or limited access to the library or prison law clerks does not establish extraordinary circumstances for equitable tolling." (citing *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000)); *Jackson v. McLaughlin*, No. 17-11474-

B, 2017 WL 4844624, at *2 (11th Cir. July 12, 2017) ("Similarly, restricted access to a law library, lock-downs, and solitary confinement do not qualify as extraordinary circumstances to warrant equitable tolling." (citing *Akins*, 204 F.3d at 1089–90)).

Moreover, Mr. Kemp failed to allege sufficient facts to establish his diligence in pursuing his habeas claims as required to invoke equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (stating a petitioner must show both extraordinary circumstances and due diligence); *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) ("To show diligence, a petitioner claiming deficiencies in the prison law library must provide details of the specific actions taken toward filing the petition[,]" including "when he found out about the library's alleged deficiency" and "how the prison thwarted his efforts." (internal quotation marks omitted)). "Absent such evidence, the connection between the petitioner's untimely filing and any alleged inadequacies in the library is insufficient." *Arthur*, 452 F.3d at 1253 (citing *Helton*, 259 F.3d at 1314). Mr. Kemp neither explained why he could not complete his research in the time he had access to the law library nor did he explain how his inability to check out law books prevented him from timely filing his habeas petition. *See generally* Doc. 10. As such, Mr. Kemp failed to show both an extraordinary circumstance and his due diligence.

Finally, Mr. Kemp argues he acted with due diligence in mailing his Rule 32 Petition and application to proceed *in forma pauperis* to the Circuit Court, but had no control over when the third party paid his filing fee. Doc. 10 at 2. Mr. Kemp mailed his *pro se* Rule 32 Petition to the Circuit Court on July 8, 2020, *see* Doc. 6-24 at 6, but did not mail his application to proceed *in forma pauperis* until August 31, 2020, *see* Doc. 9-3 at 2. A third party paid the filing fee on September 24, 2020. Doc. 9-5; Doc. 9-6. As the Magistrate Judge correctly explained in his Report and Recommendation, Mr. Kemp properly filed his Rule 32 Petition no earlier than August 31, 2020.  *See* Doc. 9 at 16–18.  Furthermore, the Magistrate Judge correctly concluded that statutory tolling of the applicable statute of limitations applied, at the longest, from August 31, 2020, through May 19, 2021. *See* Doc. 9 at 16–18. As such, Mr. Kemp received the benefit of statutory tolling during the time between the mailing of his application to proceed *in forma pauperis* on August 31, 2020, and the payment of the Rule 32 filing fee on September 24, 2020. Even with the benefit of this statutory tolling, Mr. Kemp's habeas petition is untimely. *See* Doc. 9 at 18–19.

After careful consideration of the record in this case, the Magistrate Judge's report, and Mr. Kemp's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that Mr. Kemp's Section 2254 petition, Doc. 1, should be **DENIED** and his claims are **DISMISSED WITH PREJUDICE**. A final judgment will be entered.

**DONE** and **ORDERED** this 1st day of March, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE